PER CURIAM.
This case is before the Court on appeal from an order denying a motion to vacate a judgment of conviction of first-degree murder and a sentence of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons that follow, we affirm the denial of relief.
FACTS AND PROCEDURAL HISTORY
Grover Reed was convicted of the first-degree murder of Betty Oermann and was sentenced to death. The underlying facts are set forth in our opinion on direct appeal, in which we affirmed Reed’s conviction and sentence. Reed v. State, 560 So.2d 203 (Fla.1990). Reed filed an initial postconviction motion, and after this Court remanded for an evidentiary hearing on some of his ineffective assistance of counsel claims, see Reed v. State, 640 So.2d 1094, 1098 (Fla.1994), the postconviction court denied relief. This Court affirmed on appeal and denied Reed’s petition for writ of habeas corpus. Reed v. State, 875 So.2d 415, 440 (Fla.2004).
On March 16, 2011, Reed filed an amended successive postconviction motion to vacate his judgments of conviction and sentence,[1] asserting the following claims: (1) Reed’s sentence violates the Sixth and Eighth Amendments under Porter v. McCollum, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009); (2) newly discovered evidence establishes that Reed is innocent of the murder for which he was convicted *263 and manifest injustice warrants invocation of the court’s inherent equitable powers and the issuance of rule 3.851 relief; and (3) Reed’s sentence violates the Eighth Amendment because a drug constitutionally required to prevent lethal injections from being cruel and unusual is unavailable to the State of Florida. On May 7, 2011, Reed filed a motion for discovery with regard to the second postconviction claim of newly discovered evidence of Reed’s innocence, requesting production of a photograph card of an unidentified fingerprint found on the victim’s check. Reed sought to compare the unidentified fingerprint with that of Dwayne Kirkland, a now-deceased death row inmate who Reed contends was the real murderer. On September 7, 2011, the postconviction court denied Reed’s motion for discovery and summarily denied his amended successive postconviction motion.
Reed appeals, raising the following claims for our review: (1) the circuit court erred in not accepting affidavits executed by James Wayne Hazen and Johnny Shane Kormondy as true and by not evaluating the newly discovered Brady evidence of Kirkland’s confession cumulatively with Reed’s previously presented Brady[2]/Giglio[3] and Strickland[4] claims, and it was error to summarily deny Reed’s claim without conducting an evidentiary hearing; (2) the circuit court erred in denying Reed’s motion for discovery and in refusing to give Reed access to the photograph of the latent print on check number 400 so that it could be compared to Kirkland’s fingerprints; (3) the failure to apply the proper Strickland standard of review in Reed’s case while numerous similarly situated individuals have received the benefit of proper Strickland analysis violates Reed’s equal protection and due process rights, as well as his Eighth Amendment rights; and (4) Reed was deprived of his due process rights of notice and opportunity to be heard and to present evidence on his challenge to Florida’s lethal injection procedures when the circuit court summarily denied his Rule 3.851 challenge to the new lethal injection protocol and in denying his request for an evidentiary hearing on the claim.
On September 25, 2012, Reed filed a motion to relinquish jurisdiction, or in the alternative, allow supplemental briefing regarding his lethal injection claim, asserting that the Florida Department of Corrections had again revised the lethal injection protocol on September 4, 2012, and changed the second drug used in the three-drug protocol. This Court denied Reed’s motion.
ANALYSIS
Postconviction Motion
In his amended successive postconviction motion with the circuit court below, Reed asserted that he was entitled to relief based on newly discovered evidence of two affidavits executed by James Wayne Hazen, an inmate, and Johnny Shane Kormon-dy, a death row inmate, stating that another death row inmate, Dwayne Kirkland, who is now deceased, confessed to them that he killed an old white lady in Jacksonville in the mid 1980s. The postconviction court summarily denied relief. We find that the postconviction court correctly summarily denied relief.
*264 a.Timeliness
The postconviction court correctly found Reed’s claim time-barred. Rule 3.851(d)(2) provides that a motion for post-conviction relief must be filed within one year of a defendant’s judgment and sentence becoming final unless the motion alleges:
(A) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, or
(B) the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively, or
(C) postconviction counsel, through neglect, failed to file the motion.
Further, “[t]o be considered timely filed as newly discovered evidence, the successive 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence.” Jimenez v. State, 997 So.2d 1056, 1064 (Fla.2008); Clark v. State, 35 So.3d 880, 892 (Fla.2010) (citing rule 3.851(d)(2)(A) in holding that “[cjlaims of newly discovered evidence must be raised within one year of the time of discovery.”). As determined by the postcon-viction court, Reed’s newly discovered evidence claim fails to meet the one-year deadline, because although the affidavits were signed in January of 2007, the successive motion raising this claim was not filed until November of 2010.
b.Standard of Review
Furthermore, the record in this case conclusively shows that Reed is entitled to no relief. In Walton v. State, 3 So.3d 1000 (Fla.2009), this Court articulated the standard of review of a summarily denied postconviction motion:
A successive rule 3.851 motion may be denied without an evidentiary hearing if the records of the case conclusively show that the movant is entitled to no relief. See Fla. R.Crim. P. 3.851(f)(5)(B). This Court reviews the circuit court’s decision to summarily deny a successive rule 3.851 motion de novo, accepting the movant’s factual allegations as true to the extent they are not refuted by the record, and affirming the ruling if the record conclusively shows that the mov-ant is entitled to no relief.
Id. at 1005.
c.Newly Discovered Evidence
Reed claims that the Hazen and Kor-mondy affidavits constitute newly discovered evidence and that the circuit court erred when it denied this claim without an evidentiary hearing. We disagree.
To obtain a new trial based on newly discovered evidence, a defendant must meet two requirements: (1) the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence; and (2) the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Jones v. State (Jones II), 709 So.2d 512, 521 (Fla.1998). “Newly discovered evidence satisfies the second prong of the Jones II test if it ‘weakens the ease against [the defendant] so as to give rise to a reasonable doubt as to his culpability.’ ” Gore v. State, 91 So.3d 769, 774 (Fla.) (quoting Jones II, 709 So.2d at 526), cert. denied, — U.S. -, 132 S.Ct. 1904, 182 L.Ed.2d 661 (2012). “ ‘If the defendant is seeking to vacate a sentence, the second prong requires that the newly discovered evidence would probably yield a less se *265 vere sentence.’ ” Id. at 774 (quoting Marek v. State, 14 So.3d 985, 990 (Fla.2009)).
Even taking Reed’s assertions as true, Reed fails to establish the second prong that the newly discovered evidence would probably produce an acquittal or less severe sentence on retrial. The affidavits of Hazen and Kormondy stating that Kirkland confessed to murdering an old white woman in Jacksonville in February of 1986, do not implicate Kirkland in the murder for which Reed was convicted. No specific names, places, or dates were provided by Kirkland or the affidavits in order to link Kirkland’s confession to the murder for which Reed was convicted. Moreover, none of the information in the affidavits negates the ample evidence implicating Reed in the murder, including Reed’s own confessions and his fingerprints, hat, and hair found at the murder scene. See Reed, 875 So.2d at 419, 422, n. 5. This, in addition to the inherent credibility issues surrounding affidavits of two incarcerated men implicating another death row inmate who is now deceased in a murder, when considered in conjunction with the evidence at Reed’s trial and 3.850 proceedings, are not of such nature that they would probably produce an acquittal or less severe sentence on retrial. Cf. Clark v. State, 35 So.3d 880, 891 (Fla.2010) (“Clark waited two years to raise the claim. Further, the postconviction court found that Clark ‘failed to establish that this evidence would have been admissible at [his] trial’ and that ‘Thompson’s testimony was not of such nature that it would probably produce an acquittal for the Defendant on retrial, especially in light of Thompson’s [an inmate implicating a third inmate] credibility issues.’ ”) (footnote omitted); Hitchcock v. State, 991 So.2d 337, 349-51 (Fla.2008) (finding that the circuit court did not err in denying post-conviction relief with regard to a newly discovered evidence claim based on a deceased third party’s alleged confession, in light of the credibility issues of the witnesses who testified to said confession, the evidence implicating Hitchcock, and the fact that the evidence presented was unlikely to change the verdict where the jury had already rejected the same defense theory); Herrera v. Collins, 506 U.S. 390, 417-18, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (observing, in a capital case, where the affidavits exonerating the defendant were given over eight years after petitioner’s trial, that “[n]o satisfactory explanation has been given as to why the affiants waited until the 11th hour — and, indeed, until after the alleged perpetrator of the murders himself was dead — to make their statements.”).
d. Brady Claim
Reed asserts a Brady claim regarding Edith Bosso’s interview statement to police of her observations on the evening of February 27, 1986, wherein she stated that when she was returning home from the dog track, she saw a black man walking in the neighborhood at about 6:30 p.m. toward Ortega Forest Drive. Bosso described the man as wearing dark clothes and having something sticking out of his back pocket. She described this man as slender and about six feet in height. Reed claims that the State did not provide this interview information to the defense before the trial, and that the newly discovered evidence provided by the Hazen and Kormondy affidavits that Kirkland, a black man, confessed to killing an old white woman in Jacksonville in the 1980s made the exculpatory and material nature of the Brady violation of Bosso’s interview information apparent.
To establish a Brady violation, a defendant must show: (1) that favorable exculpatory or impeaching evidence (2) was suppressed by the State, either will *266 fully or inadvertently, and (3) that the evidence was material. Evidence is material or prejudicial if there is a reasonable probability that had the evidence been disclosed, the result of the proceeding would have been different. That is, the undisclosed favorable evidence, reasonably “considered in the context of the entire record,” must undermine confidence in the verdict.
Buzia v. State, 82 So.3d 784, 797 (Fla.2011) (citations omitted).
The interview information was not material or prejudicial. See Guzman v. State, 941 So.2d 1045, 1050 (Fla.2006) (recognizing that Brady ’s materiality prong test is the same as Strickland’s prejudice prong test). None of the interview information negates or impeaches the ample evidence of Reed’s guilt, including Reed’s own confessions and Reed’s fingerprints, hat, and hair at the crime scene. Reed, 875 So.2d at 419, 422, n. 5. The undisclosed evidence reasonably considered within the context of the entire record, does not undermine confidence in the verdict.
e. Porter Claim
We affirm the denial of Reed’s claim that Porter v. McCollum, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009), is retroactive. See Walton v. State, 77 So.3d 639 (Fla.2011). Although Reed requests that this Court reconsider its decision in Walton, he has not provided any compelling reason for us to do so.
Reed also argues that refusing to apply the benefit of the “evolutionary refinement” of Porter to his case, where Porter received that same benefit, is arbitrary and a violation of due process. This claim is without merit. This Court stated in Walton that Porter “involved a mere application and evolutionary refinement and development of the Strickland analysis, ie., it addressed a misapplication of Strickland.” Walton, 77 So.3d at 644 (emphasis added). This Court did not state that the Strickland standard had changed such that it would be a violation of due process and unconstitutionally arbitrary not to apply it in Reed’s case. Accordingly, we affirm the circuit court’s denial of this claim.
f. Lethal Injection Claim
Reed asserts that Florida’s new lethal injection protocol is unconstitutional. This claim is controlled by this Court’s decision in Valle v. State, 70 So.3d 530, 546 (Fla.), cert. denied, — U.S. -, 132 S.Ct. 1, 180 L.Ed.2d 940 (2011) (affirming the circuit court’s denial of Valle’s postconviction claim that the substitution of pentobarbital for sodium thiopental constituted cruel and unusual punishment); see also Pardo v. State, 108 So.3d 558, 561 (Fla.2012) (reaffirming Valle), cert. denied, - U.S. -, 133 S.Ct. 815, 184 L.Ed.2d 602 (2012).
Reed asserts that because he filed an amended Rule 3.851 motion with this claim before the defendant in Valle, Reed should be granted an evidentiary hearing on this issue. Specifically, although this Court denied in Valle the merits of Reed’s lethal injection claim, Reed nevertheless contends that because he brought a claim before Valle and because this Court ultimately determined in Valle that an eviden-tiary hearing was warranted, he is entitled to an evidentiary hearing of his own.
Even accepting for the sake of argument that the circuit court erred in summarily denying Reed’s initial lethal injection claim with respect to the new drug, which was filed before this Court decided the merits of Valle, any such error would be harmless. Reed did not allege what evidence he would present differently than was considered in Valle. Nor did he present any allegations beyond those of Valle. *267 See Ventura v. State, 2 So.3d 194, 198 (Fla.2009) (“We have repeatedly and consistently rejected Eighth Amendment challenges to Florida’s current lethal-injection protocol.... Ventura has not presented any allegations beyond those of Lightb-ourne and Schwab (who predicated his claims upon those of Lightbourne). This Court has thus previously rejected each of these challenges to Florida’s lethal-injection protocol and — based upon the sound principle of stare decisis — we continue the same course here.” (citations and footnote omitted)); Schwab v. State, 969 So.2d 318, 323, n. 2, 325 (Fla.2007) (“In this case, judicial notice would have been sufficient because Schwab has not presented any argument as to specific evidence he wanted to present in this case that had not been presented in the Lightbourne proceeding.” “Given the record in Lightb-ourne and our extensive analysis in our opinion in Lightbourne v. McCollum, we reject the conclusion that lethal injection as applied in Florida is unconstitutional.”).
Based on the foregoing, we affirm the circuit court’s denial of relief on Reed’s posteonviction motion.
Motion for Discovery
A Florida Department of Law Enforcement (FDLE) report dated March 10, 1986, noted that two latent fingerprints of value for identification were developed and that photographs of the unidentified latent fingerprints were prepared for FDLE’s files. FDLE fingerprint specialist, Bruce Carl Scott, ultimately concluded that one of the latent prints matched Reed’s known prints. However, the other latent fingerprint of value for identification was not matched to Reed and remained unidentified through Reed’s trial. Based upon the Hazen and Kormondy affidavits, Reed filed a Motion for Discovery on or about May 7, 2011, requesting production of the fingerprint card containing the unidentified fingerprint so that it could be compared to Kirkland’s fingerprints. At the same time, Reed again raised the credibility of the fingerprint evidence offered against him at trial.
The motion was considered simultaneously with Reed’s amended successive postconviction motion filed on or about March 15, 2011. The circuit court found that because Reed’s newly discovered evidence claim was both untimely and without basis, Reed was not entitled to the discovery he sought in his motion. The circuit court also noted that the credibility of the fingerprint evidence offered against the defendant at trial was specifically addressed at the rule 3.850 evidentiary hearing conducted by the circuit court pursuant to Reed’s initial postconviction motion, which was addressed and affirmed on appeal, and thus was procedurally barred from further litigation. See Reed, 875 So.2d at 426-28. The postconviction court thus denied Reed’s motion for discovery of the fingerprint card. Reed asserts that the circuit court erred in denying this motion.
“There is no unqualified general right to engage in discovery in a post-conviction proceeding. ‘[A]vailability of discovery in a postconviction case is a matter firmly within the trial court’s discretion.’ ” Johnston v. State, 27 So.3d 11, 24 (Fla.2010) (quoting Marshall v. State, 976 So .2d 1071, 1079 (Fla.2007)). “[A] trial court’s determination with regard to a discovery request is reviewed under an abuse of discretion standard.” Id. (quoting Overton v. State, 976 So.2d 536, 548 (Fla.2007)).
We find that the postconviction court did not abuse its discretion by denying Reed’s motion for discovery. There is no reasonable probability that the testing results of the fingerprint card would result in an acquittal on retrial. Testing the *268 other unidentified fingerprint would not negate the fact that Reed’s fingerprints were found on the victim’s check, which were taken from the murder scene and were reconfirmed during a postconviction evidentiary hearing in 2002 to be Reed’s. Nor would the other fingerprint negate the other substantial evidence implicating Reed as stated above. Thus, Reed has not shown that his request for the picture of the unidentified latent fingerprint on the check would result in discovery of relevant or material evidence.
Furthermore, to any extent Reed reasserts that defense counsel was ineffective for failing to present an expert fingerprint witness during trial, such argument was fully litigated and addressed on the merits in Reed’s initial postconviction appeal and is procedurally barred. See Reed, 875 So.2d at 426-28.
Accordingly, the postconviction court did not abuse its discretion by denying Reed’s motion for discovery of the fingerprint card.
CONCLUSION
Based on the foregoing, we affirm the circuit court’s denial of Reed’s successive postconviction motion and denial of Reed’s motion for discovery.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. Reed filed his successive postconviction motion through his federal registry counsel, asserting the following claims: (1) Reed's sentence violates the Sixth and Eighth Amendments under Porter v. McCollum, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009);and (2) newly discovered evidence establishes that Reed is innocent of the murder for which he was convicted and that manifest injustice warrants invocation of the court's inherent equitable powers and the issuance of rule 3.851 relief. The State responded with a motion to strike the postconviction motion because federal counsel was not permitted to file in state court proceedings. Reed filed a motion for appointment of federal counsel in state court proceedings, which the postcon-viction court granted on November 15, 2010.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).