# Supreme Court of Florida

_____

No. SC15-1884
_____

**LOUIS B. GASKIN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[January 19, 2017]

PER CURIAM.

This case is before the Court on appeal from an order denying appellant

Louis B. Gaskin's motion to vacate a judgment for two convictions of first-degree

murder and two sentences of death under Florida Rule of Criminal Procedure

3.851. Because the order concerns postconviction relief from two capital

convictions for which two sentences of death were imposed, this Court has

jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. For the following reasons, we affirm Gaskin's convictions and sentences.

The facts of this case were presented in this Court's opinion on direct appeal. Gaskin v. State, 591 So. 2d 917 (Fla. 1991). In 1989, Gaskin was convicted of two counts of first-degree murder (premeditated and felony murder) for the death of Robert Sturmfels, two counts of first-degree murder (premeditated and felony murder) in the death of Georgette Sturmfels, one count of armed robbery of the Sturmfels' home, one count of burglary of the Sturmfels' home, one count of attempted first-degree murder of Joseph Rector, one count of armed robbery of Joseph and Mary Rector, and one count of burglary of the Rectors' home. Id. at 918. In 1990, after the penalty phase, the jury recommended two death sentences for both murders by a vote of eight to four. Id. at 919. The trial court sentenced Gaskin to death. Id. In 1991, this Court affirmed Gaskin's premeditated murder convictions and two death sentences, reversed the two felony murder convictions that were duplicative of the premeditated murder convictions, and remanded to the trial court for proceedings consistent with its decision. Id. at 922. In 1993, Gaskin's sentences became final when the United States Supreme Court denied certiorari review. Gaskin v. State, 510 U.S. 925 (1993). In 2002, this Court affirmed the lower court's denial of Gaskin's initial motion for postconviction relief. Gaskin v. State, 822 So. 2d 1243 (Fla. 2002). In 2014,

pursuant to this Court's 1991 directive, the lower court vacated one felony murder conviction for each victim. In 2015, Gaskin filed his first successive motion to vacate the judgment of conviction, challenging the premeditated murder convictions and death sentences, and alleging that the jury's use of both premeditated murder and felony murder as aggravating circumstances amounted to improper doubling of aggravators. The postconviction court summarily denied Gaskin's claims. Gaskin appealed to this Court, arguing that the postconviction court erred in summarily denying his claim that his convictions should be vacated because the jury considered two vacated convictions to recommend the death sentences. Gaskin also argues that he is entitled to relief in light of the United States Supreme Court's decision Hurst v. Florida, 136 S. Ct. 616 (2016). For the reasons below, we affirm the denial of postconviction relief.

**Standard of Review**

A successive rule 3.851 motion may be denied without an evidentiary hearing if the records of the case conclusively show that the movant is not entitled to relief. Reed v. State, 116 So. 3d 260, 264 (2013). This Court reviews the circuit court's decision to summarily deny a successive rule 3.851 motion de novo, accepting the movant's factual allegations as true to the extent that they are not refuted by the record, and affirming the ruling if the record conclusively shows that the movant is not entitled to relief. Id.

## Merits

Gaskin's claim of improper doubling is untimely and procedurally barred because the issue could have and should have been raised on direct appeal.

In general, a postconviction movant must file for relief "within 1 year after [the movant's] judgment and sentence become final." Fla. R. Crim. P. 3.851(d)(1). A judgment and sentence become final "on the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed." Fla. R. Crim. P. 3.851(d)(1)(B). Gaskin argues that his judgment became final when the circuit court issued the corrected judgment in 2014. This is contrary to rule 3.851: Gaskin's sentence became final in 1993, when the United States Supreme Court denied certiorari review. Gaskin, 510 U.S. 936; see State v. Johnson, 122 So. 3d 856 (Fla. 2013) (Johnson's sentence became final in 2000, when the United States Supreme Court denied certiorari review).

Additionally, Gaskin's claim is procedurally barred because Gaskin had the opportunity to challenge not only his duplicative convictions on direct appeal but to challenge his sentences on the basis that the jury erroneously considered the doubled convictions in recommending two death sentences. See Dennis v. State, 109 So. 3d 680, 698 (Fla. 2012) (holding that claims were procedurally barred because the movant could have raised them on direct appeal).

Finally, Gaskin's argues that he is entitled to relief in light of Hurst v. Florida. Because Gaskin's sentence became final in 1993, Gaskin is not entitled to relief under Hurst v. Florida. See Asay v. State, No. SC16-223, 2016 WL 7406538 at *13 (Fla. Dec. 22, 2016) (holding that Hurst is not retroactive to cases that became final before the United States Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002)). Accordingly, we affirm the circuit court's order summarily denying Gaskin's successive postconviction motion.

It is so ordered.

LABARGA, C.J., and QUINCE, and POLSTON, JJ., concur.
CANADY, J., concurs in result.
PARIENTE, J., concurs in part and dissents in part with an opinion.
PERRY, Senior Justice, concurs in part and dissents in part with an opinion.
LEWIS, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring in part and dissenting in part.

While I agree with the majority's conclusion that Gaskin's claim of improper doubling is untimely and procedurally barred, I write separately to express my disagreement with denying Gaskin relief under Hurst v. Florida[1] and Hurst.[2] As I stated in my concurring in part and dissenting in part opinion in

---

1. Hurst v. Florida (Hurst v. Florida), 136 S. Ct. 616 (2016).

2. Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016).

Asay,[3] fundamental fairness concerns emanating from the constitutional rights at stake require us to hold Hurst fully retroactive to all death sentences imposed under Florida's prior, unconstitutional capital sentencing scheme. Asay, 2016 WL 7406538 (Fla. Dec. 22, 2016) (Pariente, J., concurring in part and dissenting in part); see Hurst v. Florida, 136 S. Ct. at 622 (holding Florida's capital sentencing scheme unconstitutional). Thus, I would hold that Hurst applies retroactively to Gaskin. Further determining that the Hurst error in Gaskin's sentence was not harmless beyond a reasonable doubt, I would grant Gaskin a new penalty phase.

Short of holding Hurst fully retroactive, I would at least apply Hurst to Gaskin because he, through his attorneys, challenged the constitutionality of Florida's capital sentencing statute at trial in 1990 and, again, on direct appeal in 1991. This Court summarily rejected Gaskin's claim on direct appeal, stating: "We also reject without discussion Gaskin's multiple assertions regarding the constitutionality of the capital-sentencing statute as each of his arguments has previously been decided adversely to his position." Gaskin v. State, 591 So. 2d 917, 920 (Fla. 1991). Although our opinion did not detail Gaskin's constitutional challenges, the record on appeal reveals that Gaskin argued that "section 921.141 . . . was unconstitutional on its face" for the reasons espoused by the

_____

3. Asay, 2016 WL 7406538 (Fla. Dec. 22, 2016).

United States Supreme Court in Ring[4] and Hurst v. Florida and then further explained by this Court in Hurst:

> [B]efore a sentence of death may be considered by the trial court in Florida, the jury must find the existence of the aggravating factors proven beyond a reasonable doubt, that the aggravating factors are sufficient to impose death, and that the aggravating factors outweigh the mitigating circumstances. These same requirements existed in Florida law when Hurst was sentenced in 2012—although they were consigned to the trial judge to make.
> We also conclude that, just as elements of a crime must be found unanimously by a Florida jury, all these findings necessary for the jury to essentially convict a defendant of capital murder—thus allowing imposition of the death penalty—are also elements that must be found unanimously by the jury. Thus, we hold that in addition to unanimously finding the existence of any aggravating factor, the jury must also unanimously find that the aggravating factors are sufficient for the imposition of death and unanimously find that the aggravating factors outweigh the mitigation before a sentence of death may be considered by the judge.

Hurst, 202 So. 3d at 53-54 (footnotes omitted).

Amid a myriad of arguments as to how Florida's capital sentencing scheme violated the fundamental rights of defendants facing the death penalty in Florida, Gaskin specifically argued that the statute "does not require a sentencing recommendation by a unanimous jury or a substantial majority of the jury and thus results in the arbitrary and unreliable application of the death sentence and denies

---

4. Ring v. Arizona, 536 U.S. 584 (2002).

the right to a jury and to due process of law."[5]  Among Gaskin's several motions, filed through counsel,[6] disputing the validity of Florida's capital sentencing scheme was a "Motion for Use of Special Verdict Form for the Unanimous Jury Determination of Statutory Aggravating Circumstances," citing among other constitutional bases the Sixth Amendment to the United States Constitution and article I, section 22, of the Florida Constitution.  State v. Gaskin, No. 90-01/07/17 (Fla. May 10, 1990).  Gaskin also filed a separate motion to declare unconstitutional section 921.141, Florida Statutes, broadly arguing many of the deficiencies in the statute that have now been recognized as constitutionally impermissible, such as jury overrides and the bare majority jury recommendation.[7]

---

5.  Gaskin v. State, No. SC76-326, Initial Br. of Appellant (Fla. Mar. 5, 1991), at 70; accord Gaskin v. State, Nos. 90-01; 90-07; 90-17, Motion to Preclude Imposition of the Death Penalty (Flagler Cty. Cir. Ct. Fla. June 5, 1990), at 7 ("Section 921.141 . . . is unconstitutional on its face because the jury recommendation need not be unanimous, thereby depriving the Defendant to the rights to Due Process and to a unanimous jury verdict, in violation of Article I, Section 9, 16 and 22 of the Florida Constitution and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.").

6.  The constitutional arguments made on behalf of Gaskin were a product of the advocacy of his lawyer Christopher S. Quarles, an assistant public defender and a zealous advocate for his death penalty clients for decades.

7.  Gaskin v. State, Motion to Preclude Imposition of the Death Penalty, Nos. 90-01; 90-07; 90-17 (Flagler Cty. Cir. Ct. Fla. June 5, 1990), at 4 ("Section 921.141 . . . is unconstitutional on its face because a jury recommendation of life in prison need not be followed by the trial court judge."); id. at 5 ("Section 921.141 . . . is unconstitutional on its face because it permits the trial judge to overrule a jury

Most closely resembling <u>Hurst v. Florida</u> and <u>Hurst</u>, Gaskin argued that section 921.141 is facially unconstitutional because the "jury recommendation need not be unanimous," nothing "require[s] the court to instruct the jury that to return a recommendation of death, the jury must be convinced beyond every reasonable doubt that the aggravating circumstances outweigh the mitigating circumstances," "the jury is not required to list the specific aggravating circumstances they have found beyond a reasonable doubt when they recommend the death penalty," and "it permits the trial judge to consider aggravating circumstances in imposing the death sentence that the advisory jury may not have considered or that the advisory jury may have rejected." <u>Id.</u> at 7-9.[8] Even without a finding a full retroactivity, under Justice Lewis's concurring in result opinion in <u>Asay</u>, <u>Hurst</u> would apply retroactively to Gaskin under <u>James v. State</u>, 615 So. 2d 668 (Fla. 1993), because Gaskin asserted, presented, and preserved a challenge to the lack of jury factfinding in Florida's capital sentencing procedure. <u>Asay</u>, 2016 WL 7406538, at *20 (Lewis, J., concurring in result).

---

life recommendation, contrary to the clear expression of the conscience of the community." (citing <u>McCaskill v. State</u>, 344 So. 2d 1276, 1280 (Fla. 1977)).

     8. <u>See</u> <u>Gaskin v. State</u>, Motion to Prohibit Any Reference to the Advisory Role of the Jury, Nos. 90-01; 90-07; 90-17 (Flagler Cty. Cir. Ct. Fla. June 5, 1990), at 2 ("Reference to the advisory role of the jury would deny the Defendant due process of law and a fair trial . . . ."). <u>See generally</u> <u>Hurst v. Florida</u>, 136 S. Ct. 616; <u>Ring</u>, 536 U.S. 584.

Because I would apply Hurst to Gaskin's case, I must now determine whether the Hurst error in Gaskin's penalty phase was harmless beyond a reasonable doubt. On remand from the United States Supreme Court, this Court determined that Hurst error is capable of harmless error review. Hurst, 202 So. 3d at 67. In Hurst, we established the test for reviewing these errors for harmlessness:

> Where the error concerns sentencing, the error is harmless only if there is no reasonable possibility that the error contributed to the sentence. See, e.g., Zack v. State, 753 So. 2d 9, 20 (Fla. 2000). Although the harmless error test applies to both constitutional errors and errors not based on constitutional grounds, "the harmless error test is to be rigorously applied," [State v.] DiGuilio, 491 So. 2d [1129,] 1137 [Fla. 1986], and the State bears an extremely heavy burden in cases involving constitutional error. Therefore, in the context of a Hurst v. Florida error, the burden is on the State, as the beneficiary of the error, to prove beyond a reasonable doubt that the jury's failure to unanimously find all the facts necessary for imposition of the death penalty did not contribute to Hurst's death sentence in this case. We reiterate:
>
>> The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact.
>
> DiGuilio, 491 So. 2d at 1139. "The question is whether there is a reasonable possibility that the error affected the [sentence]." Id.

202 So. 3d at 68 (last alteration in original). As applied to the right to a jury trial with regard to the facts necessary to impose the death penalty, it must be clear beyond a reasonable doubt that a rational jury would have unanimously found that

- 10 -

there were sufficient aggravating factors that outweighed the mitigating circumstances.

Gaskin's sentences became final in 1993. Majority op. at 2. The penalty phase jury voted eight to four to recommend a sentence of death for both murders. Majority op. at 2. So not only are we unable to determine beyond a reasonable doubt that the jury unanimously made the requisite findings to impose death as required by Hurst, but most significantly in Gaskin's case, the jury may have relied on invalid aggravating factors to reach its mere eight to four recommendation for death. See majority op. at 2-3. As the majority explained, this Court reversed and vacated Gaskin's sentences of felony murder, which the sentencing jury likely considered in its weighing process. Majority op. at 2-3. Thus, for the reasons stated above and under the test set forth by this Court in Hurst for determining whether Hurst errors are harmless beyond a reasonable doubt, I would conclude that any error in Gaskin's nonunanimous sentencing recommendation was not harmless beyond a reasonable doubt and Gaskin should, therefore, receive a new penalty phase under Hurst.

PERRY, Senior Justice, concurring in part and dissenting in part.

I concur in the majority's conclusion that Gaskin's claim of improper doubling is untimely and procedurally barred. See majority op. at 4. However, I

respectfully dissent from the majority's decision not to apply <u>Hurst v. Florida</u>, 136 S. Ct. 616 (2016), retroactively.

I dissent because <u>Hurst v. Florida</u> does apply retroactively to Gaskin's case. In his present appeal, Gaskin once again challenges the constitutionality of Florida's death penalty statute.  The majority concluded that Gaskin was not eligible for <u>Hurst v. Florida</u> relief because Gaskin's sentences became final in 1993, before the United States Supreme Court decided <u>Ring v. Arizona</u>, 536 U.S. 584 (2002).  <u>See</u> majority op. at 5.

For the reasons I dissented in part in <u>Asay</u>, I cannot agree with the majority's decision to limit the retroactive effect of <u>Hurst v. Florida</u> to those cases that were not final before <u>Ring</u>.  <u>See</u> <u>Asay v. State</u>, No. SC16-223, 2016 WL 7406538 at *13 (Fla. Dec. 22, 2016) (Perry, J., dissenting).  I would find that <u>Hurst v. Florida</u> applies retroactively regardless of whether a sentence became final before or after the <u>Ring</u> decision.

An Appeal from the Circuit Court in and for Volusia County,
    Joseph David Walsh, Judge - Case No. 641995CF034327XXXAES

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel – Middle Region, James Lawrence Driscoll, Jr., David Dixon Hendry, and Gregory W. Brown, Assistant Capital Collateral Regional Counsel – Middle Region, Tampa, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Scott Andrew Browne, Senior Assistant Attorney General, Tampa, Florida,

for Appellee