PER CURIAM.
This case is before the Court on appeal from an order denying appellant Louis B. Gaskin’s motion to vacate a judgment for two convictions of first-degree murder and two sentences of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns posteonviction relief from two capital convictions for which two sentences of death were imposed, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. For the following reasons, we affirm Gas-kin’s convictions and sentences.
The facts of this case were presented in this Court’s opinion on direct appeal. Gaskin v. State, 591 So.2d 917 (Fla. 1991). In 1989, Gaskin was convicted of two counts of first-degree murder (premeditated and felony murder) for the death of Robert Sturmfels, two counts of first-degree murder (premeditated and felony murder) in the death of Georgette Sturmfels, one count of armed robbery of the Sturmfels’ home, one count of burglary of the Sturm-fels’ home, one count of attempted first-degree murder of Joseph Rector, one count of armed robbery of Joseph and Mary Rector, and one count of burglary of the Rectors’ home. Id. at 918. In 1990, after the penalty phase, the -jury recommended two death sentences for both mut-ders by a vote of eight to four. IcL at 919. The trial court sentenced Gaskin to death. Id. In 1991, this Court affirmed Gaskin’s premeditated murder convictions and two death sentences, reversed the two felony murder convictions that were duplicative of the premeditated murder convictions, and remanded to the trial court for proceedings consistent with its decision. Id. at 922. In 1993, Gaskin’s sentences became final when the United States Supreme Court denied certiorari review. Gaskin v. State, 510 U.S. 925, 114 S.Ct. 328, 126 L.Ed.2d 274 (1993). In 2002, this Court affirmed the lower court’s denial of Gas-kin’s initial motion for posteonviction relief. Gaskin v. State, 822 So.2d 1243 (Fla. 2002). In 2014, pursuant to this Court’s 1991 directive, the lower court vacated one felony murder conviction for each victim. In 2015, Gaskin filed his first successive motion to vacate the judgment of conviction, challenging the premeditated murder convictions and death sentences, and alleging that the jury’s use of both premeditated murder and felony murder as aggravating circumstances amounted to improper doubling of aggravators. The posteonviction court summarily denied Gaskin’s claims. Gaskin appealed to this Court, arguing that the posteonviction court erred in summarily denying his claim that his convictions should be vacated because the jury considered two vacated convictions to- recommend the death sentences. Gaskin also argues that he is entitled to relief in light of the United States Supreme Court’s decision Hurst v. Florida, — U.S. ——, 136 act. 616, 193 L.Ed.2d 504 (2016). For the reasons below, we affirm the denial of posteonviction relief.
Standard of Review
A successive rule 3.851 motion may be denied without an evidentiary hearing if the records of the case conclusively show that the movant is not entitled to relief. Reed v. State, 116 So.3d 260, 264 (2013). This Court reviews the circuit court’s decision to summarily deny a successive rule 3.851 motion de novo, accepting the movant’s factual allegations as true to the extent that they are not refuted by the record, and affirming the ruling if the record conclusively shows that the movant is not entitled to relief. Id.
*401 Merits
Gaskin’s claim of improper doubling is untimely and procedurally barred because the issue could have and should have been raised on direct appeal.
In general, a postconviction movant must file for' relief “within 1 year after [the movant’s] judgment and sentence become final.” Fla. R. Crim. P. 3.851(d)(1). A judgment and sentence become final “on the disposition of the petition for writ of cer-tiorari by the United States Supreme Court, if filed.” Fla. R. Crim. P. 3.851(d)(1)(B). Gaskin argues that his judgment became final when the circuit court issued the corrected judgment in 2014. This is contrary to rule 3.851: Gaskin’s sentence became final in 1993, when the United States Supreme Court denied certiorari review. Gaskin, 510 U.S. at 936, 114 S.Ct. 328; see State v. Johnson, 122 So.3d 856 (Fla. 2013) (Johnson’s sentence became final in 2000, when the United States Supreme Court denied certiorari review).
Additionally, Gaskin’s claim is procedurally barred because Gaskin had the opportunity to challenge not only his dupli-cative convictions on direct appeal but to challenge his sentences on the basis that the jury erroneously considered the doubled convictions in recommending two death sentences. See Dennis v. State, 109 So.3d 680, 698 (Fla. 2012) (holding that claims were procedurally barred because the movant could have raised them on direct appeal).
Finally, Gaskin’s argues that he is entitled to relief in light of Hurst v. Florida. Because Gaskin’s sentence became final in 1993, Gaskin, is not entitled to relief under Hurst v. Florida. See Asay v. State, 210 So.3d 1, 29-30, 2016 WL 7406538 at *13 (Fla. 2016) (holding that Hurst is not retroactive to cases that became final before the United States Supreme Court decided Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)). Accordingly, we affirm the circuit court’s, order summarily denying Gaskin’s successive postconviction motion.:
It is so ordered.
LABARGA, C.J., and QUINCE, and. POLSTON, JJ., concur,
CANADY, J., concurs in result.
PARIENTE, J., concurs in part-and dissents in part with an opinion.
PERRY, Senior Justice, concurs in part and dissents in part with an opinion.
LEWIS, J., dissents.