# Supreme Court of Florida

_____

No. SC17-1687
_____

**CARY MICHAEL LAMBRIX,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[September 29, 2017]

PER CURIAM.

On September 1, 2017, when Governor Scott rescheduled Lambrix's execution for October 5, 2017, Lambrix's eighth successive postconviction motion was pending in the circuit court. The gist of Lambrix's motion was an attack on the constitutionality of his death sentences based on the jury's nonunanimous recommendations for death. On September 5, 2017, the circuit court denied Lambrix's motion. On September 20, 2017, the circuit court denied Lambrix's motion for rehearing. In light of the pending execution date, we expedited the appeal. Based on our precedent, we affirm the circuit court's denial of Lambrix's eighth successive postconviction motion.

Lambrix challenges the constitutionality of his sentences of death, which were imposed following the jury's nonunanimous recommendations for death. Specifically, Lambrix claims a right to relief based on the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and this Court's opinions in Hurst v. State, 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017), and Perry v. State, 210 So. 3d 630 (Fla. 2016). He argues on appeal that: (1) his sentences of death are unconstitutional under chapter 2017-1, Laws of Florida, which requires a unanimous jury recommendation for death; (2) his former claims of newly discovered evidence must be reconsidered in light of Hurst v. Florida and Hurst; (3) his death sentences violate the Eighth Amendment; and (4) this Court's decisions regarding the retroactivity of Hurst v. Florida and Hurst violate equal protection.

While it is true that the jury nonunanimously recommended death for the 1983 murders of the two victims,[1] Lambrix's sentences were final in 1986. See Lambrix v. State, 217 So. 3d 977, 989 (Fla.), petition for cert. filed, No. 17-5539 (U.S. Aug. 9, 2017). In this Court's 2017 opinion in Lambrix's case, we held that Lambrix "is not entitled to relief based on Hurst" for the reasons set forth in our

---

1. The jury recommended a sentence of death for the murder of Aleisha Bryant by a vote of 10-2 and death for the murder of Clarence Moore, a/k/a Lawrence Lamberson, by a vote of 8-4.

opinion in <u>Asay v. State</u> (<u>Asay V</u>), 210 So. 3d 1 (Fla. 2016), <u>cert. denied</u>, No. 16-9033, 2017 WL 1807588 (U.S. Aug. 24, 2017).  <u>Lambrix</u>, 217 So. 3d at 989.

To the extent Lambrix now raises additional claims to relief based on the rights announced in <u>Hurst</u> and <u>Perry</u>—including arguments based on the Eighth Amendment to the United States Constitution, denial of due process and equal protection based on the arbitrariness of this Court's retroactivity decisions in <u>Asay V</u> and <u>Mosley v. State</u>, 209 So. 3d 1248 (Fla. 2016), and a substantive right based on the legislative passage of chapter 2017-1, Laws of Florida, prospectively requiring unanimous verdicts—we reject these arguments based on our recent opinions in <u>Hitchcock v. State</u>, 42 Fla. L. Weekly S753, 2017 WL 3431500 (Fla. Aug. 10, 2017), and <u>Asay v. State</u> (<u>Asay VI</u>), 42 Fla. L. Weekly S755, 2017 WL 3472836 (Fla. Aug. 14, 2017).

For all the reasons set forth in <u>Lambrix</u>, 217 So. 3d 977, <u>Hitchcock</u>, and <u>Asay VI</u>, we affirm the circuit court's denial of Lambrix's successive postconviction motion.

It is so ordered.  No rehearing will be entertained by this Court.  The mandate shall issue immediately.

LABARGA, C.J., and LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., dissents with an opinion.
QUINCE, J., recused.

PARIENTE, J., dissenting.

I dissent. I would grant Lambrix a new penalty phase as a result of the jury's nonunanimous recommendations for death in Lambrix's case for the same reasons expressed in my recent dissenting opinions in Hitchcock[2] and Asay VI.[3]

As I stated in my concurring in result opinion in Lambrix v. State, 217 So. 3d 977 (Fla.), petition for cert. filed, No. 17-5539 (U.S. Aug. 9, 2017), "I would vacate Lambrix's sentences of death and remand for a new penalty phase under Hurst." Id. at 990 (Pariente, J., concurring in result). But, even if this Court's opinion in Asay V[4] precludes Lambrix from receiving the benefit of the Sixth Amendment protections announced in Hurst v. Florida and Hurst, I maintain that this Court has not properly determined the retroactivity of the Eighth Amendment rights announced in Hurst. See Hitchcock, 2017 WL 3431500, at *3-4 (Pariente, J., dissenting).

As I stated in Hitchcock, "[f]or the same reasons I conclude that the right announced in Hurst under the right to jury trial (Sixth Amendment and article I,

---

2. Hitchcock v. State, 42 Fla. L. Weekly S753, 2017 WL 3431500, *3-4, (Fla. Aug. 10, 2017) (Pariente, J., dissenting).

3. Asay v. State (Asay VI), 42 Fla. L. Weekly S755, 2017 WL 3472836, *8 (Fla. Aug. 14, 2017) (Pariente, J., dissenting).

4. Asay v. State (Asay V), 210 So. 3d 1 (Fla. 2016), cert. denied, No. 16-9033, 2017 WL 1807588 (U.S. Aug. 24, 2017).

section 22, of the Florida Constitution) requires full retroactivity, I would conclude that the right to a unanimous jury recommendation of death announced in Hurst under the Eighth Amendment requires full retroactivity." Id. at *4. "Reliability is the linchpin of Eighth Amendment jurisprudence, and a death sentence imposed without a unanimous jury verdict for death is inherently unreliable." Id. at *3. The statute under which Lambrix was sentenced, which only required that a bare majority of the twelve-member jury recommend a sentence of death, was unconstitutional, and therefore unreliable, under both the Sixth and Eighth Amendments.

Like other defendants whose attorneys had the foresight to challenge Florida's capital sentencing scheme years before Ring v. Arizona, 536 U.S. 584 (2002),[5] Lambrix—through his attorneys—challenged the constitutionality of Florida's capital sentencing statute by raising arguments almost verbatim to those that were validated by the United States Supreme Court over thirty years later in Hurst v. Florida. In a pretrial Motion to Dismiss the Indictment, Lambrix argued:

> Death sentences in Florida are imposed irregularly, unpredictably, and whimsically in cases which are no more deserving of capital punishment, under any rational standard that considers the character of the offender and the offense, than many other cases in which sentences of imprisonment are imposed. Inconsistent and arbitrary jury attitudes and sentencing verdicts, uneven and inconsistent

---

5. See, e.g., Gaskin v. State, 218 So. 3d 399, 401-02 (Fla.), petition for cert. filed, No. 17-5669 (U.S. Aug. 21, 2017) (Pariente, J., concurring in part and dissenting in part).

> prosecutorial practices in seeking or not seeking the death penalty, divergent sentencing policies of trial judges and erratic appellate review by the Supreme Court of Florida all contribute to produce an irregular and freakish pattern of life or death sentencing results.

Motion to Dismiss the Indictment, State v. Lambrix, Case No. 83-12, at ¶ 13.

Indeed, Lambrix's attorneys made every argument they could to justify retroactive application of Hurst to Lambrix's case long before Hurst was ever decided.[6] See Lambrix, 217 So. 3d at 990 (Pariente, J., concurring in result).

Denying Lambrix "relief when other similarly situated defendants have been granted relief amounts to a denial of due process." Hitchcock, 2017 WL 3431500, at *3 (Pariente, J., dissenting). To avoid denying two of the most critical constitutional protections on the eve of the ultimate punishment, I would grant Lambrix a new penalty phase.

Accordingly, I dissent.

An Appeal from the Circuit Court in and for Glades County,
James D. Sloan, Judge - Case No. 221983CF000012CFAXMX

Neal A. Dupree, Capital Collateral Regional Counsel, William M. Hennis, III, Litigation Director, Martin J. McClain, Special Assistant Capital Collateral Regional Counsel, and Bryan E. Martinez, Staff Attorney, Southern Region, Fort Lauderdale, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Scott A. Browne, Senior

---

6. See Mosley v. State, 209 So. 3d 1248 (Fla. 2016); Asay V, 210 So. 3d at 30 (Lewis, J., concurring in result).

Assistant Attorney General, and C. Suzanne Bechard, Assistant Attorney General, Tampa, Florida,

      for Appellee