*114 . PARIENTE, J.,
dissenting.
I dissent: I would grant Lambrix a new penalty phase as a result of the jury’s nonunanimous recommendations for death in Lambrix’s case for the same reasons expressed in my recent dissenting opinions in Hitchcock[2] and Asay VI.[3]
As I stated in my concurring in result opinion in Lambrix v. State, 217 So.3d 977 (Fla.), petition for cert. filed, No. 17-5539 (U.S. Aug. 9, 2017), “I would vacate Lam-brix’s sentences of death and remand for a new penalty phase under Hurst.” Id. at 990 (Pariente, J., concurring in result), But, even if this Court’s opinion in Asay V[4] precludes Lambrix from receiving the benefit of the Sixth Amendment protections announced in Hurst v. Florida and Hurst, I maintain that this Court has not properly determined the retroactivity of the Eighth Amendment rights announced in Hurst. See Hitchcock, 226 So.3d at 219-21, 2017 WL 3431500, at *3-4 (Pariente, J., dissenting).
As I stated in Hitchcock, “[f]or the same reasons I conclude that the right announced in Hurst under the right-to jury trial (Sixth Amendment and article I, section 22, of the Florida Constitution) requires full retroactivity, I would conclude that the right to a unanimous jury recommendation of death announced in Hurst under the Eighth Amendment requires full retroactivity.” Id. at 220, 2017 WL 3431500, at *4. “Reliability is the linchpin of Eighth Amendment jurisprudence, and a death sentence imposed without a unanimous jury verdict for death is inherently unreliable.” Id..at 220, 2017 WL 3431500, at *3. - The statute under'which Lambrix was sentenced, which only required that a bare majority of the twelve-member jury recommend a sentence of death, was unconstitutional, and therefore unreliable, under both the Sixth and Eighth Amendments.
Like other defendants whose attorneys had the foresight to challenge Florida’s capital sentencing scheme years before Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002),[5] Lambrix— through his attorneys—challenged the constitutionality , of Florida’s, capital sentencing statute by raising arguments almost verbatim to those that were validated by the United States Supreme Court over thirty years later in Hurst v. Florida. In a pretrial Motion to Dismiss the Indictment, Lambrix argued:
•Death sentences in Florida are imposed irregularly, unpredictably, and whimsically in cases which are no more deserving of capital punishment, under any rational standard that considers the character of the offender and the offense, than many other cases in which sentences of imprisonment are imposed. Inconsistent and arbitrary jury attitudes and sentencing verdicts, uneven arid inconsistent prosecutorial practices in seeking or not seeking the death penalty, divergent sentencing policies of trial judges and erratic appellate review by the Supreme Court of Florida all contribute to produce an irregular and *115 freakish pattern of life or death sentencing results.
Motion to Dismiss the Indictment, State v. Lambrix, Case No. 83-12, at ¶ 13. Indeed, Lambrix’s attorneys made every argument they could to. justify retroactive application of Hurst to Lambrix’s case long before Hurst was ever decided.[6] See Lambrix, 217 So.3d at 990 (Pariente, J., concurring in result).
Denying Lambrix “relief when other similarly situated defendants have been granted relief amounts to a denial of due process.” Hitchcock, 226 So.3d at 220, 2017 WL 3431500, at *3 (Pariente, J., dissenting). To avoid denying two of the most critical constitutional protections on the eve of the ultimate punishment, I would grant Lambrix a new penalty phase.
Accordingly, I dissent.

. Hitchcock v. State, 226 So.3d 216, 219-21, 2017 WL 3431500, *3-4 (Fla. Aug. 10, 2017) (Pariente, J., dissenting).

. Asay v. State (Asay VI), 224 So.3d 695, 704-03, 2017 WL 3472836, *8 (Fla. Aug. 14, 2017) (Pariente, J., dissenting).

. Asay v. State (Asay V), 210 So,3d 1 (Fla. 2016), cert. denied, No. 16-9033, — U.S. —, — S.Ct. —, — L.Ed.2d—, 2017 WL 1807588 ,(U.S. Aug. 24, 2017).

.See, e.g., Gaskin v. State, 218 So.3d 399, 401-02 (Fla.), petition for cert. filed, No. 17-5669 (U.S. Aug. 21, 2017) (Pariente, J., concurring in part and dissenting in part).

. See Mosley v. State, 209 So.3d 1248 (Fla, 2016); Asay V, 210 So.3d at 30 (Lewis, J., concurring in result).