# Supreme Court of Florida

_____

No. SC19-241
_____

**JEREMIAH M. RODGERS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

November 21, 2019

PER CURIAM.

Jeremiah M. Rodgers, a prisoner under sentence of death, who now goes by the name Jenna Rodgers, appeals the circuit court's summary denial of a successive postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. Although Rodgers previously waived postconviction proceedings and counsel and this Court affirmed the validity of the waiver on appeal, Rodgers now argues that a diagnosis of gender dysphoria is newly discovered evidence that Rodgers was incompetent to plead guilty to first-degree murder, *see Rodgers v. State (Rodgers I)*, 934 So. 2d 1207 (Fla. 2006), to waive a penalty phase jury, *see Rodgers v. State*

*(Rodgers II)*, 3 So. 3d 1127 (Fla. 2009), and to waive postconviction proceedings and counsel, *Rodgers v. State (Rodgers III)*, No. SC11-1401, 104 So. 3d 1087, 2012 WL 5381782 (Fla. Oct. 17, 2012) (unpublished), thereby invalidating this Court's prior decision affirming the denial of *Hurst*[1] relief based on Rodgers' waiver of a penalty phase jury, *see Rodgers v. State (Rodgers IV)*, 242 So. 3d 276 (Fla. 2018). The circuit court found Rodgers' motion untimely and summarily denied it. We agree and affirm.[2]

"[T]o be considered timely filed as newly discovered evidence, the successive rule 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence." *Jimenez v. State*, 997 So. 2d 1056, 1064 (Fla. 2008); *see also* Fla. R. Crim. P. 3.851(d)(1)-(2). It was not. Rather, the record shows that Rodgers knew of the gender dysphoria diagnosis at some point between a February 26, 2016, evaluation by a psychiatrist and the filing of the January 11, 2017, successive postconviction

---

1. *Hurst v. Florida*, 136 S. Ct. 616 (2016); *Hurst v. State (Hurst)*, 202 So. 3d 40 (Fla. 2016).

2. "A successive rule 3.851 motion may be denied without an evidentiary hearing if the records of the case conclusively show that the movant is entitled to no relief. *See* Fla. R. Crim. P. 3.851(f)(5)(B). This Court reviews the circuit court's decision to summarily deny a successive rule 3.851 motion de novo, accepting the movant's factual allegations as true to the extent they are not refuted by the record, and affirming the ruling if the record conclusively shows that the movant is entitled to no relief." *Walton v. State*, 3 So. 3d 1000, 1005 (Fla. 2009).

motion at issue in *Rodgers IV*, in which Rodgers argued that gender dysphoria rendered Rodgers incompetent to enter prior waivers, including the penalty phase jury waiver that we held, in *Rodgers IV*, precludes *Hurst* relief.  Yet, Rodgers "d[id] not raise . . . gender dysphoria as a claim of newly discovered evidence or ineffective assistance of counsel" in that proceeding.  *Rodgers IV*, 242 So. 3d at 279 (Pariente, J., concurring in result).  Thus, the December 4, 2018, successive postconviction motion at issue in this appeal—in which Rodgers alleged that gender dysphoria is newly discovered evidence of incompetency at the time of the guilty plea and waivers—is time-barred.

Moreover, even without the time bar, the summary denial was proper because the evidence at issue is not newly discovered.  Generally, to prevail on a newly discovered evidence claim, two requirements must be met: "(1) the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence; and (2) the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial."  *Reed v. State*, 116 So. 3d 260, 264 (Fla. 2013) (citing *Jones v. State (Jones II)*, 709 So. 2d 512, 521 (Fla. 1998)).  In Rodgers' case, the first prong of *Jones II* ends the inquiry.

- 3 -

As detailed in Justice Pariente's concurring in result opinion in *Rodgers IV*, the record conclusively establishes that Rodgers' symptoms that are now attributed to gender dysphoria (e.g., severe depression, self-mutilation, reported suicidality) were known to the courts that accepted and affirmed the validity of Rodgers' plea and waivers. *See Rodgers IV*, 242 So. 3d at 277 (Pariente, J., concurring in result) ("[B]oth the trial court and this Court were aware of Rodgers' long history of mental illness in determining Rodgers' competency to make the waivers and in reviewing Rodgers' waivers, respectively . . . ."); *see also id.* at 278-80 (detailing the "record indicating severe mental illness" in Rodgers' case). The medical community's subsequent assignment of a name to the cause of known symptoms is not newly discovered evidence, but even assuming that it could be, the record conclusively establishes that Rodgers failed to diligently pursue this claim. As explained above, Rodgers became aware of the gender dysphoria diagnosis at some point between February 2016 and January 2017 and alleged that gender dysphoria caused incompetency in a January 2017 successive postconviction motion, but waited until December 2018 to raise a newly discovered evidence claim predicated upon gender dysphoria. This falls short of the due diligence that *Jones II* requires.

Accordingly, because Rodgers' motion is time-barred and, in any event, not based upon newly discovered evidence, we affirm the circuit court's summary denial. In so doing, we note that because Rodgers validly waived postconviction

- 4 -

proceedings and counsel, future filings should not be made on Rodgers' behalf in the circuit court without first seeking leave from the circuit court and explaining how the appointment of counsel and the proposed filing are authorized in light of Rodgers' valid waiver.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Santa Rosa County,
    John Franklin Simon, Jr., Judge - Case No. 571998CF000274XXAXMX

Terri L. Backhus, Chief, and Kimberly Sharkey, Attorney, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

    for Appellee