# Supreme Court of Florida

_____

No. SC17-815
_____

**ANTHONY MUNGIN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

November 15, 2018

PER CURIAM.

We have for review Anthony Mungin's appeal of the postconviction court's order denying Mungin's motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. For the reasons explained below, we affirm the postconviction court's order.

## FACTS AND BACKGROUND

Mungin was convicted of first-degree murder and sentenced to death following a jury's recommendation for death by a vote of seven to five. *Mungin v. State*, 689 So. 2d 1026, 1028 (Fla. 1995). This Court explained the facts underlying his conviction and sentence on direct appeal, stating in part:

> Betty Jean Woods, a convenience store clerk in Jacksonville, was shot once in the head on September 16, 1990, and died four days later. There were no eyewitnesses to the shooting, but shortly after Woods was shot a customer entering the store passed a man leaving the store hurriedly with a paper bag. The customer, who found the injured clerk, later identified the man as Mungin.

*Id.* This Court affirmed Mungin's conviction and sentence of death on direct appeal. *Id.* His sentence of death became final in 1997. *Mungin v. Florida*, 522 U.S. 833 (1997). In the more than twenty years since, Mungin has engaged in extensive postconviction litigation but has not received any relief from his conviction or death sentence. *See Mungin v. State*, 141 So. 3d 138, 140 (Fla. 2013); *Mungin v. State*, 79 So. 3d 726 (Fla. 2011); *Mungin v. State*, 932 So. 2d 986, 990 (Fla. 2006).

In January 2017, Mungin filed the successive motion for postconviction relief at issue in this case seeking relief pursuant to the United States Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). The postconviction court summarily denied Mungin's motion.

This Court stayed Mungin's appeal pending the disposition of *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017). After this Court decided *Hitchcock*, Mungin responded to this Court's order to show cause arguing why it should not be dispositive in this case. After reviewing Mungin's response

to the order to show cause, as well as the State's arguments in reply, we ordered

full briefing on Mungin's non-*Hurst* claim.

## ANALYSIS

As stated above, Mungin's sentence of death became final in 1997. Based

on this Court's precedent, *Hurst* does not apply retroactively to his sentence of

death. *Id.* at 217; *see Asay v. State* (*Asay V*), 210 So. 3d 1 (Fla. 2016), *cert. denied*,

138 S. Ct. 41 (2017). Thus, Mungin is not entitled to the relief he claims, which

depends upon the retroactive application of *Hurst* to his sentence of death.

## CONCLUSION

For the reasons explained above, we affirm the postconviction court's order

denying Mungin's claims seeking *Hurst* relief.[1]

It is so ordered.

LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., concurs in result.
PARIENTE, J., concurs in result with an opinion.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED
WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR
REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS
AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION.
NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A
REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

---

1. We do not address Mungin's motion to disqualify the judge who issued
that order because it was untimely.

PARIENTE, J., concurring in result.

I write separately because I continue to adhere to the views expressed in my dissenting opinion in *Hitchcock*[2] that *Hurst*[3] should apply retroactively to cases like Mungin's. *Hitchcock*, 226 So. 3d at 220-23 (Pariente, J., dissenting).

Applying *Hurst* to Mungin's sentence of death, I would grant a new penalty phase based on the jury's nonunanimous recommendation for death by a vote of seven to five. Per curiam op. at 1. Further, I agree with Justice Anstead's dissenting opinion in Mungin's direct appeal, arguing that Mungin was entitled to a retrial because the evidence was insufficient to sustain a finding of premeditation. *Mungin v. State*, 689 So. 2d 1026, 1032 (Fla. 1995) (Anstead, J., dissenting).

An Appeal from the Circuit Court in and for Duval County,
    Linda McCallum, Judge - Case No. 161992CF003178AXXXMA

Todd G. Scher of Law Office of Todd G. Scher, P.L., Hollywood, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Lisa Hopkins, Assistant Attorney General, Tallahassee, Florida,

    for Appellee

---

2. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

3. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017).