# Supreme Court of Florida

_____

No. SC18-635
_____

**ANTHONY MUNGIN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

February 13, 2020

PER CURIAM.

Appellant, Anthony Mungin, challenges an order denying his third

successive motion for postconviction relief, filed pursuant to Florida Rule of

Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 1993, Mungin was sentenced to death for the first-degree murder of Betty

Jean Woods. The facts of the murder were stated in the opinion on direct appeal:

> Betty Jean Woods, a convenience store clerk in Jacksonville,
> was shot once in the head on September 16, 1990, and died four days
> later. There were no eyewitnesses to the shooting, but shortly after
> Woods was shot a customer entering the store passed a man leaving

the store hurriedly with a paper bag. The customer, who found the injured clerk, later identified the man as Mungin. After the shooting, a store supervisor found a $59.05 discrepancy in cash at the store.

Mungin was arrested on September 18, 1990, in Kingsland, Georgia. Police found a .25-caliber semiautomatic pistol, bullets, and Mungin's Georgia identification when they searched his house. An analysis showed that the bullet recovered from Woods had been fired from the pistol found at Mungin's house.

*Mungin v. State*, 689 So. 2d 1026, 1028 (Fla. 1995).

One of the State's witnesses was Malcolm Gillette, a deputy sheriff who played a relatively minor role in the police investigation. Deputy Gillette testified at trial that he stood by while other officers executed a search warrant and arrested Mungin. Gillette testified that he discovered a beige Dodge Monaco in a parking lot near where Mungin was arrested. Gillette ran the license plate and learned that the car was stolen, so he called for a tow truck to transport it to an impound lot. He filled out the relevant paperwork, including an "inventory and vehicle storage receipt." Gillette testified at trial that he saw two spent shell casings in the stolen car, but on the inventory and vehicle storage receipt, Gillette made a notation indicating he saw "nothing visible" in the car.

The jury found Mungin guilty and recommended death, and we affirmed the conviction and sentence. *Id.* Mungin's judgment became final when the United States Supreme Court denied certiorari review in October 1997. *Mungin v. Florida*, 522 U.S. 833 (1997).

On September 25, 2017, Mungin filed his third successive postconviction motion.[1]  Attached was an affidavit signed by Deputy Gillette dated September 24, 2016.  Gillette swore he did not see any shell casings in the Dodge Monaco and that, before the trial, he did not review the paperwork he had filled out.  Mungin claimed that Gillette's affidavit gave rise to inferences of evidence tampering.  Mungin alleged that the State committed a *Brady*[2] violation by failing to divulge that Gillette saw no shell casings and committed a *Giglio*[3] violation by allowing Gillette to give false testimony at trial.  Alternatively, Mungin alleged that defense counsel was ineffective by failing to speak to or cross-examine Deputy Gillette, and that the information in Gillette's affidavit was newly discovered evidence that was likely to produce an acquittal at retrial.

---

1.  We affirmed the denial of Mungin's initial postconviction motion and habeas petition.  *Mungin v. State*, 932 So. 2d 986 (Fla. 2006).  We reversed in part the summary denial of his first successive postconviction motion and remanded for an evidentiary hearing on two claims.  *Mungin v. State*, 79 So. 3d 726 (Fla. 2011).  On appeal following the evidentiary hearing, we affirmed the order denying relief.  *Mungin v. State*, 141 So. 3d 138 (Fla. 2013).  We affirmed the denial of his second successive postconviction motion.  *Mungin v. State*, 259 So. 3d 716 (Fla. 2018).

2.  *Brady v. Maryland*, 373 U.S. 83 (1963).

3.  *Giglio v. United States*, 405 U.S. 150 (1972).

The State argued that Mungin's claims were procedurally barred, but the postconviction court held an evidentiary hearing and ultimately denied Mungin's claims on the merits, without addressing the State's procedural argument.

**ANALYSIS**

Generally, postconviction claims in capital cases are untimely if filed more than a year after the judgment and sentence became final. Fla. R. Crim. P. 3.851(d). For an otherwise untimely claim to be considered timely as newly discovered evidence, it must be filed within a year of the date the claim became discoverable through due diligence. *Reed v. State*, 116 So. 3d 260, 264 (Fla. 2013). It is incumbent upon the defendant to establish the timeliness of a successive postconviction claim. *Rivera v. State*, 187 So. 3d 822, 832 (Fla. 2015).

Mungin's claims are untimely, for he filed the instant postconviction motion nearly twenty years after his judgment and sentence became final, and his claims became discoverable through due diligence more than a year before the motion was filed. Deputy Gillette signed his affidavit on September 24, 2016, but Gillette was a known witness who was available to the defense since Mungin's 1997 trial. *See Mills v. State*, 684 So. 2d 801, 805 n.9 (Fla. 1996) (finding a lack of due diligence where the witness with allegedly new information "was available and known to the defense").

- 4 -

In fact, Deputy Gillette was not merely known to the defense, he was Mungin's close friend and former wrestling partner. He visited Mungin in prison and wrote him letters. Gillette testified at the evidentiary hearing that he had been in contact with the defense team "over the last twenty years on and off" and that he had discussed his affidavit with an investigator "probably a dozen times" over several months before eventually signing it. The third successive postconviction motion offers no explanation as to why Gillette's evidence could not have been ascertained long ago by the exercise of due diligence. *See* Fla. R. Crim. P. 3.851(d)(2)(A); *see also Jones v. State*, 732 So. 2d 313, 322 (Fla. 1999) (holding that when a motion asserts an untimely claim, the defendant must include a sworn allegation explaining his inability to assert the claim earlier).

Because all claims raised in Mungin's third successive postconviction motion became discoverable through due diligence more than a year before the motion was filed, Mungin's claims are procedurally barred as untimely. Accordingly, we affirm the order denying postconviction relief.[4]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

---

4. Because Mungin's claims were procedurally barred, they were properly denied; it matters not that the postconviction court denied them on the merits. *See Applegate v. Barnett Bank*, 377 So. 2d 1150, 1152 (Fla. 1979) ("[T]he decision of the trial court is primarily what matters, not the reasoning used.").

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Duval County,
Angela M. Cox, Judge - Case No. 161992CF003178AXXXMA

Todd G. Scher of Law Office of Todd G. Scher, P.L., Hollywood, Florida,

for Appellant

Ashley B. Moody, Attorney General, and Lisa A. Hopkins, Assistant Attorney General, Tallahassee, Florida,

for Appellee